IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RAMON MORALES-ALCARAZ, #23275-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv584 |
| | § | CRIMINAL ACTION NO. 4:14cr147(4) |
| UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

Movant Ramon Morales-Alcaraz filed a motion to vacate, set aide, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (Dkt #23) after conducting a hearing pursuant to *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007), concluding that the motion should be denied. Movant, with the assistance of counsel, filed objections (Dkt #30).

In Movant's objections, he argues that testimony at the *Tapp* hearing showed that there was a lack of communication between Counsel and Movant. He claims that Movant's testimony was undisputed and credible, and that Movant has shown he is entitled to an out-of-time appeal.

As conceded in the Report and Recommendation, evidence did show a problem with communication between Counsel and his client. In fact, Movant even asked the Court to allow Counsel to withdraw and appoint new counsel, but the motion was denied. The Report also noted that much of the communication problems started when Movant's son began assisting his father in the proceedings. Nonetheless, the Report noted that Counsel knew that Movant was not happy with him or the 168-month sentence imposed. However, Counsel testified that he advised Movant of his appellate rights and that at no time prior to, or after, sentencing did Movant ask him to file an appeal. Additionally, after looking through the case file, his notes, and asking his staff, Counsel could find

nothing showing that Movant or his family asked him to file an appeal. Counsel stated he would have filed a notice of appeal had he been asked. At sentencing the District Court also advised Movant that a notice of appeal would be entered by the Clerk if he wished to appeal. No such request was made.

In contrast, Movant's son testified that he told Counsel that Movant wanted to appeal. He conceded, however, that he was not present at the guilty plea hearing and had no specifics concerning when he allegedly called Counsel's office concerning an appeal other than within ten or fourteen days after sentencing.

Movant testified that, had Counsel visited him after the sentencing hearing, he would have asked for an appeal. He also testified that he asked his son to call Counsel and tell him to file an appeal. The Report makes it clear that Movant was not happy with his sentence or Counsel.

The purpose of the *Tapp* hearing is to determine the credibility of the contrasting claims between a movant and his counsel concerning advisement of appellate rights and a movant's instruction to file an appeal. The Fifth Circuit held that "if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed, and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Tapp*, 491 F.3d at 266. Following *Tapp*, the Fifth Circuit has repeatedly held that the issue is whether counsel failed to file a notice of appeal after being requested to do so. *United States v. Johnson*, 278 F. App'x 317 (5th Cir. 2008); *United States v. Chavez*, 271 F. App'x 391 (5th Cir. 2008); *United States v. Hereford*, 242 F. App'x 251, 252 (5th Cir. 2007).

Besides the testimony discussed above, the Report discussed Movant's "outlandish" claim that it was not him at the plea hearing entering a plea of guilty, but that it was someone else. When

he made this claim, the Government showed Movant a copy of his plea agreement. Movant initially denied it was his signature. Movant then admitted that it was his signature, but stated that he did not sign a paper containing Counsel's signature on it. Movant then testified again that it was not him appearing at two other hearings before the Magistrate Judge.

The Magistrate Judge, noting that Movant had perjured himself on the witness stand, concluded that Movant is not credible. She found Counsel to be credible and that he consulted with Movant concerning his appellate rights. The Magistrate Judge found that Movant failed to meet his burden of showing by a preponderance of the evidence that he directed Counsel to file an appeal. Consequently, Movant failed to show ineffective assistance of counsel or that he is entitled to an out-of-time appeal pursuant to *Tapp*.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Movant's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is **ORDERED** that Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 28th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE